UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

RALPH FRANCIS DELEO,

    Petitioner,

v.

FRANCISCO QUINTANA, Warden,

    Respondent.

Civil Action No. 5:17-294-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Ralph Francis DeLeo is an inmate at the Federal Medical Center in Lexington, Kentucky. Proceeding without a lawyer, DeLeo has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* R. 1. In DeLeo's petition, he acknowledges that the United States District Court for the Eastern District of Arkansas denied his motion to vacate his sentence pursuant to 28 U.S.C. § 2255, but he claims that, for a variety of reasons, "the § 2255 proceedings were procedurally flawed and denied [him] an unobstructed procedural shot at presenting his claim." R. 1 at 6; *see also* R. 1 at 8-28 (explaining his numerous procedural arguments). DeLeo also argues that the Supreme Court's recent decision in *Luis v. United States*, 136 S. Ct. 1083 (2016), constitutes "an intervening change in . . . constitutional law that was previously unavailable" and establishes that he is actually innocent of his underlying convictions. *See* R. 1 at 28-30; R. 3.

DeLeo's arguments are not proper in a § 2241 petition. That is because a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 546 F.3d 442, 447 (6th Cir. 2009). While DeLeo is claiming that the Eastern District of Arkansas erred by denying his § 2255 motion,

his remedy is to appeal that denial to the United States Court of Appeals for the Eighth Circuit and then, if necessary, to the United States Supreme Court. And with respect to DeLeo's actual innocence claim, it is true that, under certain limited circumstances, a federal prisoner may challenge the validity of his convictions under § 2241. *See Wooten v. Cauley*, 677 F.3d 303 (6th Cir. 2012). However, the Sixth Circuit has explained that this is only true when the prisoner is trying to rely on an intervening change in statutory law. *See id.* at 307-08. Here, DeLeo raises a constitutional claim based on the Supreme Court's decision in *Luis*, not an argument based on an intervening change in statutory law; therefore, his claim falls outside the purview of § 2241.

In light of the foregoing analysis, it is hereby **ORDERED** as follows:

1. DeLeo's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. Any and all pending motions are **DENIED AS MOOT**.

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4. A corresponding judgment will be entered this date.

Dated January 4, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY